UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

RICHARD G. WEBB,                )
    Plaintiff,              )
                                )
v.                              )         15-CV-3135
                                )
GREGG SCOTT, et. al.,           )
    Defendants.             )

**MERIT REVIEW OPINION**

Sue E. Myerscough, U.S. District Judge.

Plaintiff, proceeding pro se and civilly detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C.

§ 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## BACKGROUND

Plaintiff originally filed his complaint in the Northern District of Illinois.[1]  Plaintiff alleged former Illinois Department of Human Services (DHS) Secretary Michele Saddler, Administrator Freeman Anderson, Program Director Gregg Scott, and Illinois Twelfth Circuit Court Judge Sara Jones violated his constitutional rights at the Rushville Treatment and Detention Center.

The Northern District of Illinois found the Plaintiff had failed to state claims against Defendants Saddler and Judge Jones. *See Webb v Saddler*, Case No. 15-3289, May 1, 2015 Order.  Therefore, these two Defendants were dismissed, and the Plaintiff's remaining

claims were transferred to the Central District of Illinois for proper venue. *Id.*

## ALLEGATIONS

Plaintiff learned on May 23, 2013 that his mother had passed away.  Plaintiff asked to attend his mother's wake, but was told his court-appointed counsel must file a motion with the commitment court in order to obtain a court order allowing his transport. Plaintiff claims the "DHS-TDF" policy required him to obtain a copy of his mother's death certificate as well as the name and address of the funeral location for the court's consideration. Plaintiff was able to file the appropriate motion, but Will County Judge Jones denied it. Plaintiff says as a result, he suffered emotionally and mentally to the point that his physical health began to decline.

While the Plaintiff initially alleges a "policy" required him to get court approval to attend the funeral service, Plaintiff later notes he learned no such policy or directive existed. (Comp., p. 6, 7). Nonetheless, Plaintiff says Defendant Anderson must have known of his pain and suffering due to his mother's death.  In addition, Defendant Scott knew the Plaintiff's mother had passed away and must have been aware there was no policy which required a court

order for him to attend the service. Plaintiff states "[e]ven DOC prisoners who are in the custody of the Dept. of Corrections for punishment are not required to obtain a court-order to attend a family members wake, funeral or deathbed visitation." (Comp, p. 7). Furthermore, he claims no other DHS patient or Rushville resident had to obtain a similar court order.

Finally, Plaintiff says he was not offered any grief counseling and he "should not have to request this counseling." (Comp, p. 9). Plaintiff is requesting $5,000,000 in damages from Defendant Freeman and $8,000,000 in damages from Defendant Scott.

## ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq.* The Act "authorizes detention of individuals who have been adjudicated a 'sexually violent person'.... which requires, among other things, evidence that the person 'suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence.'" *Lane v. Williams,* 689 F.3d 879, 881 (7th Cir. 2012) quoting 725 ILCS §207/5(f). "Civil commitment of this sort lasts

until the detainee is no longer a sexually violent person. Commitment under the Act is civil and so may be for purposes such as incapacitation and treatment, but not punishment." *Lane*, 689 F.3d at 881 (internal citations omitted).

The decision to civilly commit an individual is made by a state court judge or jury. *See* 725 ILCS §207/40.  Based on the allegations in Plaintiff's complaint, he was required to obtain the approval of the court which sanctioned Plaintiff's commitment. *See* 725 ILCS § 207/55, 60, 65 (reexamination, conditional discharge and release).

Therefore, the Plaintiff has not stated how Administrator Anderson or Program Director Scott would have any role or involvement in the denial of Plaintiff's request.  "[A] defendant cannot be held liable under 42 USC §1983 unless a plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation." *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982).  In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply

to actions filed under 42 USC §1983.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).

The Plaintiff also makes the assertion that no other state prisoner or Rushville resident was ever required to obtain a court order to attend a funeral.  The Seventh Circuit has held federal law does not entitle prisoners "to compassionate leave or for that matter even to have contact with their families in prison." *Thomas v. Farley,* 31 F.3d 557, 559 (7th Cir.1994) (citing *Merrit v. Broglin,* 891 F.2d 169 (7th Cir.1989) and *Touissaint v. McCarthy,* 801 F.3d 1080, 1113 (9th Cir.1986)).

As the Plaintiff has noted, he is a civil detainee and therefore his "situation is akin to that of a pretrial detainee." *Walker v. Monahan,* 2007 WL 2743586, at *3 (N.D.Ill. Sept. 11, 2007).  Therefore Plaintiff's constitutional rights, unlike a state prisoner, are derived from the Fourteenth Amendment.  Nonetheless, courts have also found pretrial detainees have no liberty interest in attending a family member's funeral. *See Higgenbottom v. Racine County Sheriff De*pt., 2015 WL 5512952, at *6 (E.D.Wis. Sept. 17, 2015)(citing cases).  Furthermore, a district court recently held a pretrial detainee who was denied the right to attend his sister's

funeral after a court initially approved the furlough, could still not state a "Fourteenth Amendment due process claim for a violation of his constitutional rights." *Higgenbottom,* 2015 WL 5512952, at *6.

However, the Seventh Circuit and some other courts have "left open the possibility that the denial of a funeral furlough could constitute cruel and unusual punishment." *Id. citing Thomas,* 31 F.3d at 559; *see also McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999); *Butler v. Snyder,* 106 F.Supp.2d 589, 592 (D.Del.2000). Although Plaintiff's claims are derived under the Fourteenth Amendment, there is little practical difference between his claims and that of a prisoner stating a claim under the Eighth Amendment. *Weiss v. Cooley,* 230 F.3d 1027, 1032 (7th Cir.2000). Therefore, Plaintiff's claim that the Defendants' requirements amounted to cruel and unusual punishment should be analyzed under the Eighth Amendment test. *Henderson v. Sheahan,* 196 F.3d 839, 844 FN. 2 (7th Cir.1999). "To sustain this theoretical constitutional violation, a plaintiff would need to show that 'the granting of such leave w[as] customary and prison officials denied it on a particular occasion or to a particular prisoner in order to cause psychological distress, or with deliberate indifference to his mental

health.'" *Higgenbottom,* 2015 WL 512952, at *6 *quoting Thomas,* 31 F.3d at 559.

However, the Plaintiff simply alleges no one else has ever had to obtain a court order to attend a funeral. (Comp., p. 7). His conclusory allegation is not sufficient. Generally, a plaintiff need not plead specific facts, but instead must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) *quoting Conley v. Gibson,* 355 U.S. 41, 47 (1957). However, a complaint must do more than offer conclusions. *Id* at 555; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In other words, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly,* 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citation omitted).

Since all Rushville residents are subject to the Illinois Sexually Violent Persons Commitment Act, Plaintiff's allegation that no other resident had to obtain a court order to attend a funeral is not "plausible on its face," and the court cannot infer the Defendants are liable. *Ashcroft,* 556 U.S. at 678: *see alsoMcCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)(the plausibility determination is a context-specific, requiring the reviewing court to draw on its judicial experience and common sense.)  However, the court will allow the Plaintiff an opportunity to file an amended complaint if he can provide any further information concerning Rushville residents who were allowed a funeral furlough without a court order.

Plaintiff finally claims he was denied grief counseling and he should not have to request it.  However, the Plaintiff has been committed to the Rushville Treatment and Detention Center to receive treatment.  Plaintiff's allegation is premised on his claim that Defendant Freeman should have known he needed additional counseling. However, "[n]egligence on the part of an official does not violate the Constitution, and it is not enough that he or she should

have known of a risk." *Pierson v. Hartley*, 391 F.3d 898, 902 (7t Cir. 2004).

**IT IS ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis is denied [3] and his complaint is dismissed because Plaintiff fails to state a federal claim.  However, the court will allow the Plaintiff one opportunity to file an amended complaint if he can clarify his claim alleging cruel and unusual punishment under the Fourteenth Amendment.  Plaintiff must provide facts to support his claim that other Rushville Detainees were allowed to attend the funeral without a court order.

2) Plaintiff must file his amended complaint and renewed motion to proceed in forma pauperis on or before November 4, 2015. If he fails to file his complaint on or before this deadline or fails to follow the court's direction, his case may be dismissed.

3)  Plaintiff's motion for appointment of counsel is also denied with leave to renew once he clarifies the claim in his complaint.[4]

4) The Clerk of the Court is to provide the Plaintiff with a blank in forma pauperis form and to set this case for an internal review of Plaintiff's complaint deadline on November 13, 2015.

5) Plaintiff's motion for a status update is denied as moot.[12]

ENTERED:  October 13, 2015

FOR THE COURT:

s/ Sue E. Myerscough
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE